UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAMDIJA HALILOVIC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 01794 RWS |
| | ) | |
| KAITLYN KRINNINGER, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This diversity matter is before me on Plaintiff Hamdija Halilovic's Motion to File an Amended Petition and Remand the Cause of Action [8]. Based upon a review of the record before me, I will grant Plaintiff's Motion and remand this case.

## Background

Plaintiff Hamdija Halilovic ("*Halilovic*") wishes to pursue negligence claims arising from two separate car accidents. First, on August 31, 2016, Defendant Kaitlyn Krinninger ("*Krinniger*") allegedly caused a car accident in the City of St. Louis. Halilovic asserts that he suffered physical injuries as a result of this accident, including injuries to his neck, back, shoulders, and spinal disc. Less than three months later, on November 18, 2016, Halilovic was involved in another car accident in the City of St. Louis, which was allegedly caused by Kharel Miller

1

("*Miller*"). Plaintiff alleges that as a result of the second accident, he suffered additional injuries and aggravation of his injuries from the first accident.

Halilovic filed an original petition against Krinninger as the sole defendant in the Circuit Court of the City of St. Louis on May 1, 2017. Krinninger removed the case to this court on June 23, 2017 on the basis of diversity jurisdiction, stating that the lawsuit is between citizens of different states and the matter in controversy exceeds the sum of $75,000. *See* 28 U.S.C. § 1332. The Notice of Removal [1] asserts that at the time of the institution of this action, Halilovic was a resident and citizen of the State of Missouri and Krinninger was a resident and citizen of the State of Illinois.

Plaintiff has requested leave to amend his complaint in order to add Miller as a defendant to the action. Plaintiff's Second Amended Petition [12] states "Plaintiff is a citizen of the State of Missouri and Defendant MILLER is a citizen of the State of Missouri." If Miller is joined as a defendant, the case should be remanded back to the Circuit Court of the City of St. Louis because Miller's alleged Missouri citizenship will destroy complete diversity of citizenship and subject matter jurisdiction. There is no federal question at issue.

## Legal Standard

Fed.R.Civ.P. 15(a) authorizes a plaintiff to amend his complaint with the court's leave, and the court "should freely give leave when justice so requires."

2

"The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'" Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). "Delay alone is not a sufficient reason for denying leave." Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981). "Rather, the party opposing the motion must show it will be unfairly prejudiced." Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted). The decision of whether to grant leave to amend is within the court's discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

## Discussion

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Although Halilovic asserts in his motion that Miller is a "necessary party," he seeks permissive joinder under Fed.R.Civ.P. 20(a)(2) rather than required joinder under Fed.R.Civ.P. 19. *See* Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009) ("Joinder would be required if the plaintiff satisfied Fed.R.Civ.P. 19 by showing that the new parties are necessary and indispensable to a full

resolution of the case."). Fed.R.Civ.P. 20(a)(2) authorizes permissive joinder of defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."[1]

Missouri courts have granted permissive joinder in cases involving separate car accidents, finding that the accidents constituted a series of occurrences and involved a common question of fact under Fed.R.Civ.P. 20(a)(2) where the plaintiff suffered injury to the same body parts, the same injuries, and/or aggravation of the initial injuries. *See, e.g.,* Hager v. McGlynn, 518 S.W.2d 173, 178 (Mo. App. 1974) ("[W]hen the injuries are alleged to be indivisible, or to have been aggravated in another accident, then joinder is permissible. In that situation, justice is far more likely to be served with all parties present and the issues being fully presented to one jury, and that jury being charged with the responsibility of finding both the question of negligence and the amount of damages, if any."); State ex rel. Nixon v. Dally, 248 S.W.3d 615 (Mo. banc 2008) (confirming authority to permissively join defendants involved in discrete accidents where the "second

---

[1] Likewise, Mo. Rule 52.05(a) provides for permissive joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

collision aggravated injuries resulting from the first accident"); State ex rel. Kinsey v. Wilkins, 394 S.W.3d 446 (Mo. App. 2013) (collecting and summarizing applicable Missouri precedent). Here, the accidents sufficiently involve a series of occurrences and a common question of fact, because Halilovic alleges that the injuries from the first car accident were aggravated by the second accident and involve the same body parts. As a result, permissive joinder under Fed.R.Civ.P. 20(a)(2) may permit adding Miller as a defendant.

In deciding whether to grant joinder and order remand, courts consider factors including "[t]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Alpers Jobbing Co. v. Northland Cas. Co., 173 F.R.D. 517, 520 (E.D. Mo. 1997) (internal citations omitted); *see also* Bailey, 563 F.3d at 307. Here, Halilovic satisfies the foregoing factors. With respect to the first factor, defeating federal jurisdiction, it appears that Halilovic would prefer remand since he initially filed the case in state court and now seeks remand. Krinninger argues that Halilovic was aware of potential claims against Miller when he filed the initial suit, but only sought to add Miller as a defendant following removal to federal court, suggesting his primary motivation is to defeat federal jurisdiction. However, Halilovic alleges that the injuries from the two car

5

accidents are interrelated and liability would best be determined in a single action, so the amendment would serve a worthwhile purpose beyond defeating federal jurisdiction. With respect to the second factor, whether plaintiff was timely, Halilovic was not dilatory in requesting leave to amend, since his motion was filed less than a month after the case was removed, and prior to the entry of any scheduling order. With respect to the third factor, whether plaintiff would be significantly injured if amendment was not allowed, Krinninger argues that Miller is not a necessary party and Halilovic could simply file a separate case against Miller in state court if Miller was not joined to this action. However, if Halilovic had to litigate two separate lawsuits in two separate forums, he would likely incur additional expenses and time and face "empty chair" arguments. As a result, Halilovic could be unduly prejudiced if I did not allow amendment of the complaint. Finally, with respect to any other factors bearing on the equities, general considerations of judicial economy suggest that Halilovic's claims would be most effectively adjudicated in a single action. On the whole, the equities weigh in favor of joinder of Miller as a defendant.

For the foregoing reasons, and based upon the record before the Court, I will grant Plaintiff's motion for leave to amend his complaint in order to join Miller as a defendant. As a result, joinder destroys complete diversity of citizenship and subject matter jurisdiction, and I will remand the case to the court from which it

was removed pursuant to 28 U.S.C. § 1447(e). *See* OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File an Amended Petition and Remand the Cause of Action [8] is **GRANTED** and Kharel Miller shall be added as a Defendant to this action.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri from which it was removed.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2017.